UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No.  07 CR 852 |
| | ) | |
| v. | ) | Hon. Ruben Castillo |
| | ) | |
| ROLANDO SHACKELFORD | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE**

The United States of America, by and through Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, respectfully submits this response to defendant Rolando Shackelford's motion to suppress evidence.  For the reasons stated below, the Court should deny defendant's motion without an evidentiary hearing because he does not allege any disputed facts that would entitle him to suppression of any evidence.

**I.     Background**

On December 18, 2002, Magistrate Judge Michael T. Mason signed a warrant for defendant's arrest based on a criminal complaint that charged defendant with conspiring to use a counterfeit access device, in violation of 18 U.S.C. §§ 1029(a)(1) and (b)(2).  *See* Arrest Warrant, attached as Exhibit A, and Criminal Complaint, attached as Exhibit B.  The following morning, at 6:05 a.m., United States Secret Service ("USSS") agents attempted to execute the arrest warrant at defendant's home, located at 14611 S. Kilbourn Avenue in Midlothian, Illinois.  *See* USSS report dated December 19, 2002, attached as Exhibit C.

Upon arriving at the residence, agents knocked on the front door and announced their presence.  *Id.*  Franchon Foster, defendant's wife, answered the door.  *Id.*  In response to agents' questions, Foster said that defendant was not inside the residence and that she did not know his

whereabouts.  *Id.*  Foster then consented to a search of the residence for the defendant.  *Id.*  Agents entered the home, and one agent proceeded past the living area to a "rear office room" that contained, in plain view, the following: "several computers, two credit card skimmers, a DSS (Satel[l]ite TV) encoder that was plugged in with the light on and a DSS card inserted into the computer, two DSS cards on [a] desk next to the computer, and several other items and equipment used in making various counterfeit items."  *Id.*

The agent "immediately recognized" the equipment as evidence of access device counterfeiting.  *Id.*  Later that same morning, agents obtained a search warrant for the residence and seized the above-summarized evidence.  *Id.*; *see also* Search Warrant, attached as Exhibit D.

## II.    The Seizure of Evidence Was Lawful Under the "Plain View" Doctrine.

The purpose of a motion to suppress is to prevent use of evidence seized in violation of the Fourth Amendment – *i.e.*, to suppress the fruit of an illegal search or seizure.  *United States v. Calandra*, 414 U.S. 338, 347 (1974); *Wong Sun v. United States*, 371 U.S. 471 (1963); *United States v. Pavelski*, 789 F.2d 485, 488 (7th Cir. 1986).  A defendant who moves to suppress evidence "bears the burden of making a prima facie showing of illegality."  *United States v. Randle*, 966 F.2d 1209, 1212 (7th Cir. 1992).  And if a defendant seeks a hearing, he has the burden to show that there are disputed issues of material fact as to how the evidence was obtained.  *See United States v. Villegas*, 388 F.3d 317, 324 (7th Cir.  2004); *United States v. Walker,* 237 F.3d 845, 850 (7th Cir.  2001).

By his motion, defendant appears to argue that agents unlawfully seized the evidence because: (i) the agents entered the residence without Foster's consent, and (ii) the agents seized the evidence prior to obtaining a search warrant.  The motion is baseless.

For starters, the government disagrees with facts proffered in the motion and supporting

affidavit. Foster did provide consent to search for the defendant, and the agents obtained a search warrant prior to seizing the evidence. These fact disputes need not be resolved, however, because they are not material. That is, even assuming that Foster did not give consent, and that the evidence was seized prior to the agents' obtaining a search warrant, defendant still cannot make out a *prima facie* claim that the seizure somehow violated the Fourth Amendment.

In general, a seizure of evidence by a government agent is invalid unless based on probable cause and executed pursuant to a search warrant. Under the "plain view" doctrine, however, a seizure absent a search warrant is justified "if the officer has a legal right to be in the place from where he sees the object subject to seizure[,] a 'lawful right of access to the object itself,' and if the object's incriminating nature is 'immediately apparent.'" *United States v. Cotnam*, 88 F.3d 487, 495 (7th Cir. 1996), *quoting United States v. Berkowitz*, 927 F.2d 1376, 1388 (7th Cir. 1991).

First, the agents made a lawful entry into defendant's residence. "A police officer with an arrest warrant can enter the suspect's residence to execute the warrant if there is reason to believe he will be found there; the officer does not need a search warrant." *United States v. Pallais*, 921 F.2d 684, 690 (7th Cir. 1991). Nor does the officer need consent. *See Sparing v. Village of Olympia Fields*, 266 F.3d 684, 690 (7th Cir. 2001) ("[P]olice *without a warrant* must obtain an individual's valid and voluntary consent before entering the home to effectuate or complete an arrest.") (emphasis added). Defendant does not contend that the agents did not have "reason to believe" he would be at the home. Indeed, Foster's affidavit states that defendant was a resident.

Once inside the residence, agents were free to search the entire premises for the defendant. *See Pallais*, 921 F.2d at 690-91. And there is no dispute that the evidence was in plain view once the agents entered the room in which it was contained.

Having established that the agents' access to the items seized had a prior Fourth Amendment justification, a second question remains – whether the incriminating character of the evidence was "immediately apparent." *United States v. Carmany*, 901 F.2d 76, 77 (7th Cir. 1990). The USSS report indicates that the agent who entered the room "immediately recognized" that the items were associated with criminal activity. And defendant does not contend otherwise.

Therefore, because (i) the agents entered defendant's residence with an arrest warrant, (ii) the items seized were in the agents' plain view during their lawful search for the defendant, and (iii) the incriminating nature of the items was "immediately apparent," their seizure was lawful pursuant to the plain view exception to the Fourth Amendment's warrant requirement.[1]

---

[1] As noted above, agents (in an abundance of caution) obtained a search warrant for the premises after discovering the counterfeiting evidence. Again, under the plain view doctrine, that search warrant was not required to seize the evidence.

**III.    Conclusion**

Accordingly, the government respectfully requests that the Court deny defendant's motion to suppress evidence without an evidentiary hearing.

                           Respectfully submitted,

                           PATRICK J. FITZGERALD
                           United States Attorney

By:    /s/ Tyler C. Murray
       TYLER C. MURRAY
       Assistant United States Attorney
       219 South Dearborn Street, 5th Floor
       Chicago, Illinois 60604
       (312) 353-7846

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that the following document:

**Government's Response to Defendant's Motion to Suppress Evidence**

was served on March 28, 2008, in accordance with FED. R. CRIM. P. 49, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                              By:    /s/ Tyler C. Murray
                                      Tyler C. Murray
                                      Assistant U.S. Attorney
                                      219 S. Dearborn Street, 5th Floor
                                      Chicago, Illinois 60604
                                      (312) 353-7846